IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| GOLIGHT, INC., | ) |
| | ) |
| Plaintiff, | ) _____ |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| FENIEX INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT WITH JURY DEMAND

Plaintiff Golight, Inc. ("Golight"), by and through its undersigned attorneys, for its Complaint against Feniex Industries, Inc. ("Defendant"), states as follows:

### I.   PARTIES

1. Golight is a Nebraska corporation, having its principal place of business at 37146 Old Hwy 17, Culbertson, Nebraska 69024.

2. Upon information and belief, Defendant is a corporation organized under the laws of the state of Texas, having its principal place of business at 6320 East Stassney Lane, Building 1, Austin, Texas, 78744.

3. Upon information and belief, Defendant offers for sale and sells LED lighting and related products throughout the United States and in Texas, including the specific products identified herein.

## II.  JURISDICTION AND VENUE

4. This is a civil action to combat Defendant's infringement of Golight's patent rights arising under the patent laws of the United States, 35 U.S.C. § 101 et seq., as a result of the infringement complained of herein.

5. This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction under 28 U.S.C. §§ 1367(a).

6. This Court has personal jurisdiction over Defendant because it is physically located in this judicial district, because it conducts extensive commercial activities in this district, including through direct-to-consumer and ecommerce sites, and because authorized distributors of the Accused Products may be found in this district.  In addition to Defendant's continuous activity in this district, and based upon extensive commercial activities and presence, it is foreseeable that Defendant regularly conducts business within this judicial district and has availed itself of the laws of the state of Texas.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## III.  GENERAL ALLEGATIONS

**Golight's History of Innovation**

8. Throughout the United States, and for nearly 30 years, Golight has offered for sale and sold a variety of portable and permanent mounted lights.  Golight has expended substantial resources in designing, manufacturing, promoting, marketing, advertising, distributing and selling Golight's products, including its LED lighting products, throughout the United States.  Through its long history of innovation and development of novel lighting products, Golight has become recognized as a technology leader in the lighting industry.

9. Golight has developed a portfolio of patents to protect its investment in designing, manufacturing and innovating its best-in-class lighting products. Golight has been awarded over 50 U.S. and foreign patents on its innovative technologies, which includes U.S. Patent No. 10,215,392 ("the '392 Patent"). As a result of its commitment to innovation and constant product development, Golight's products have enjoyed considerable commercial success since the company's inception in 1994.

**Golight's '392 Patent**

10. One of Golight's many innovative technologies is reflected in the '392 Patent. The '392 Patent, entitled "LED System and Housing for Use With Halogen Light Fixtures" was duly and legally issued on February 26, 2019. A true and correct copy of the '392 Patent is attached hereto as Exhibit 1.

11. By assignment, Golight owns all right, title and interest in and to the '392 Patent. Golight has paid all applicable fees necessary to maintain the '392 Patent.

12. The invention of the '392 Patent is directed towards a novel lighting and heat sink assembly. The '392 Patent claims priority to earlier-filed Golight patent applications having filing dates as far back as July 11, 2011. The '392 Patent remains and is presumed valid and enforceable.

13. Products embodying the inventions of the '392 Patent are distributed by Golight and its exclusive distributors throughout the United States, and have been marked with the '392 Patent, which constitutes notice of Golight's exclusive rights pursuant to 35 U.S.C. § 287(a).

14. Claim 1 of the '392 Patent recites a lighting assembly comprising: a heat sink having a front, back, a base and a top, with a plurality of cooling fins extending across at least

the base, back, and top of the heat sink, and air channels formed between the cooling fins; a plurality of LEDs arranged on the front of the heat sink; a projection lens arranged over the plurality of LEDs, a first side of the projection lens being substantially flat and facing the plurality of LEDs, a second side of the projection lens having a plurality of protrusions; and a protective lens arranged over the projection lens; wherein the ends of the air channels open towards and terminate adjacent to the protective lens; wherein ambient air enters each air channel when the light assembly is in use and travels around the heat sink before exiting, thereby transferring heat away from the cooling fins.

15. Claim 2 of the '392 Patent recites: The light assembly of claim 1, wherein the plurality of LEDs are mounted to printed circuit board (PCB).

16. Claim 4 of the '392 Patent recites: The light assembly of claim 1, further comprising an outer housing, the air channels formed between the plurality of cooling fins at least partially enclosed by the outer housing.

## IV.     DEFENDANT'S UNLAWFUL CONDUCT

17. Defendant is presently distributing, offering for sale and/or selling LED lighting products that infringe one or more claims of the '392 Patent. True and accurate images of Defendant's infringing LED lighting products are attached hereto as Exhibit 2 (collectively, the "Accused Products").

18. Defendant maintains a website www.Feniex.com, which and advertises and solicits orders for the Accused Products. Upon information and belief, Defendant has promoted, marketed, advertised, distributed, offered for sale and/or sold infringing products, including through its website, to customers located in Texas.

19. Upon information and belief, Defendant was aware of the existence of the '392 Patent prior to the filing of this Complaint.

20. Golight has never licensed, authorized or otherwise consented to Defendant's use of its exclusive rights in and to the '392 Patent.

21. Defendant is currently offering to sell, selling and/or distributing the Accused Products in willful violation of Golight's exclusive rights in the '392 Patent. To the extent one or more elements of the '392 Patent are not literally infringed, those elements are infringed under the doctrine of equivalents.

22. Specifically, the Accused Products contain all of the elements of at least Claim 1 of the '392 Patent. The Accused Products include a heat sink having a front, back, a base and a top, with a plurality of cooling fins extending across at least the base, back, and top of the heat sink. *See* Exhibit 2, pp. 1-3. The Accused Products further include air channels formed between the cooling fins. *Id*., pp. 2-3. The Accused Products have a plurality of LEDs arranged on the front of the heat sink. *Id*., p. 8. The Accused Products also have a projection lens arranged over the plurality of LEDs, a first side of the projection lens being substantially flat and facing the plurality of LEDs, a second side of the projection lens having a plurality of protrusions. *Id*., pp. 6-7. The Accused Products further include a protective lens arranged over the projection lens. *Id*., pp. 9. The ends of the air channels of the Accused Products open towards and terminate adjacent to the protective lens, such that ambient air enters each air channel when the light assembly is in use and travels around the heat sink before exiting, thereby transferring heat away from the cooling fins. *Id*., pp. 1-5.

23. The Accused Products also have all of the elements of claim 2 of the '392 Patent, as the plurality of LEDs are mounted to printed circuit board (PCB). *Id*., pp. 2, 8.

24. The Accused Products also have all of the elements of claim 4 of the '392 Patent, as the Accused Products further have an outer housing with the air channels formed between the plurality of cooling fins at least partially enclosed by the outer housing. *Id*., pp. 1, 4-5.

25. If Defendant is permitted to continue its infringing and unlawful acts complained of herein, those actions will continue to cause irreparable injury to Golight and to the consuming public, for which there is no adequate remedy at law.

## V. FIRST CLAIM FOR RELIEF
### (Federal Patent Infringement)

26. Golight realleges and incorporates by reference the allegations contained in each of the paragraphs above.

27. Defendant's activities in making, using, selling and/or offering to sell in the United States and/or importing into the United States the Accused Products constitutes direct infringement of the '392 Patent, in violation of 35 U.S.C. § 271(a).

28. Defendant's actions of making, having made, importing, using or selling products which infringe the '392 Patent have been, and are, willful, deliberate and/or in conscious disregard of Golight's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Golight to an award of its attorneys' fees and treble damages.

29. Defendant's infringement of the '392 Patent has caused damage to Golight in an amount to be ascertained at trial.

30. Defendant's infringement of the '392 Patent has caused and will continue to cause irreparable injury to Golight, to which there exists no adequate remedy at law. Defendant's infringement of the '392 Patent will continue unless enjoined by this Court.

## VI. PRAYER FOR RELIEF

WHEREFORE, Golight requests that judgment be entered in its favor and against Defendant as follows:

1. Declaring that Defendant has infringed U.S. Patent No. 10,215,392;

2. Declaring that Defendant's infringement was knowing, intentional, and willful;

3. Issuing temporary, preliminary, and permanent injunctions enjoining Defendant, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from:

   A. further infringing U.S. Patent No. 10,215,392, pursuant to 35 U.S.C. § 283, by importing, making, having made, offering for sale or selling the Accused Products;

   B. engaging in any other activity constituting unfair competition with Golight, or constituting an infringement of Golight's rights in and to the '392 Patent; and

   C. engaging in any other act or thing likely to confuse, mislead or deceive other into believing that Defendant, or their products, are connected with or sponsored, licensed or approved by Golight;

4. Ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant relating to the Accused Products, or any colorable

imitation thereof, and all plates, molds, matrices, and other means of making the same, be delivered to Golight for destruction;

5. Ordering Defendant to file with the Court and serve on Golight's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

6. For an accounting of all profits derived from Defendant's infringement of U.S. Patent No. 10,215,392, at Defendant's expense;

7. Awarding Golight damages arising out of Defendant's infringement of U.S. Patent No. 10,215,392 in an amount not less than a reasonable royalty for each act of infringement pursuant to 35 U.S.C. § 284, and trebling those damages together with costs and pre- and post-judgment interest;

8. Finding that this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees to Golight;

9. For exemplary and/or punitive damages;

10. For the recovery of attorneys' fees, costs, expert witness fees, and pre- and post-judgment interest as permitted by law;

11. For recovery of costs, pre-judgment and post-judgment interest to the extent applicable; and

12. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Golight demands a trial by jury on all issues so triable.

Respectfully submitted,

DATED:  September 29, 2023                By:  s/ Ryan T. Beard

Ryan T. Beard
**FisherBroyles LLP**
501 Congress Ave., Suite 150
Austin, Texas 78701
ryan.beard@fisherbroyles.com

**ATTORNEYS FOR PLAINTIFF
GOLIGHT, INC.**